ANDREA HALPER, Appellant, v MARTIN S. HALPER, Respondent.—Postjudgment order of the Supreme Court, New York County, entered June 8, 1978, which granted the plaintiff wife's cross motion pursuant to CPLR 5205 (subd [d], par 2), but only to the extent of 10% of the defendant husband's income, unanimously reversed, on the law, with $50 costs and disbursements of this appeal to appellant and remanded for a hearing on

the quantum of the defendant's income and the appropriate amount to be garnisheed. The husband and wife entered into a separation agreement executed in New York in August of 1973. We have in a related matter (Appeal No. 4159-60) upheld the wife's rights to support payments thereunder. The husband was to pay $21,000 a year. He has paid some $6,000 a year and has raised defenses thereto, with respect to which he has been unsuccessful (Appeal No. 4159-60), and is substantially in arrears. The wife contends that the husband's income is some $70,000. He contends it is considerably less, and that in connection with his substantial business expenses as a traveling salesman without the benefit of an expense account, his net income does not permit him to pay even the 10% which the court at Special Term granted. The court at Special Term stated that the garnishment could only be at the maximum rate of 10% under the statute. However, CPLR 5205 (subd [d], par 2), while exempting 90% of the earnings, does state "except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents". In this case, the defendant husband's children who reside with the wife, are his dependents. Further, 10% of even the largest figure postulated for his income of $70,000, would be only $7,000, being only one third of the amount he agreed to pay in the separation agreement, and this without consideration of the already existing substantial arrears. A hearing should be held as to the husband's income and the appropriate amount to be garnisheed in view of all the foregoing. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.